IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DANA ADVIENTO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 66) and the motion for leave to proceed in forma pauperis (Filing No. 67) filed by the Defendant, Dana Adviento. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Adviento pleaded guilty to Counts I and VI of the Indictment charging him with conspiracy to distribute and possess with intent to distribute a substance containing cocaine base (Count I) and criminal forfeiture (Count VI). The PSR refers to a psychological evaluation done in January 2008. (PSR, ¶ 65.) On February 8, 2008, defense counsel filed a motion for a determination of mental competency in which he stated that evidence would be presented including the psychological evaluation and

counsel's own observations. Defense counsel stated that he had concerns about Adviento's ability to understand the plea agreement and the consequences of going to trial. (Filing No. 29.) After a hearing on the motion, the Court ordered a psychiatric evaluation. (Filing No. 38.) A change of plea hearing was then scheduled. The plea agreement was negotiated under Federal Rule of Criminal Procedure 11(c)(1)(C) and included the following terms: the dismissal of Counts II, III, IV, and V; an agreement regarding drug quantity resulting in placement in base offense level 24; Adviento's career offender status; an agreed upon sentence of 188 months imprisonment; Adviento's agreement "not to file any motion for downward departure or seek a variance from the agreed 188 month sentence"; a waiver of his right to appeal his conviction and any "legal" sentence; and the standard waiver of his right to file a motion for relief under 28 U.S.C. § 2255. (Filing No. 46.)

The plea petition states that Adviento's only objection to the representation provided by his attorney, Shannon O'Connor, was that he was unhappy with the amount of jail time he faced. (Filing No. 45, ¶ 5(d) &(e).) Adviento stated in the plea petition that he: (1) understood the charges, his constitutional rights, the penalties, and all of the questions in the petition; and (2) was voluntarily pleading guilty and waiving his rights.

At the change of plea hearing the Court and the parties first addressed the motion for a determination of mental competency. Defense counsel stated that the parties agreed on a psychiatrist, the Defendant was evaluated, and the psychiatrist concluded that Adviento was competent, understood the process and the charges, and was fully capable of assisting in his defense.

The plea hearing followed. The Defendant testified under oath that he: was thinking clearly; was satisfied with his attorney's representation; understood his constitutional rights, the charges and the penalties and that the sentence might be greater than he expected; voluntarily was pleading guilty; and understood the terms of his plea agreement, including the agreement that he would not file a motion for downward departure or seek a variance from the negotiated 188-month sentence.

Adviento's sentencing guideline range was 188-235 months. (PSR, ¶ 80.) He did not object to the PSR. In accordance with the Rule 11(c)(1)(C) plea agreement, Adviento was sentenced to 188 months imprisonment. (Filing No. 64.) The § 2255 motion followed. (Filing No. 66.)

## DISCUSSION

Adviento raises the following issues: his counsel was ineffective for not informing the Court of his diminished capacity and trying to have his sentence reduced on this basis (Claim One); he was convicted based on evidence found during an unconstitutional search and seizure (Claim Two); and he was convicted based on evidence found during an unlawful arrest (Claim Three).

### *Claim One: Diminished Capacity*

In order to establish ineffective assistance of counsel, Adviento must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to

3

demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Adviento knowingly and voluntarily entered into his plea agreement that included a waiver of his right to file a motion for downward departure or request a variance. He cannot satisfy either prong of the *Strickland* test. This claim is denied.

***Claims Two and Three: Alleged Fourth Amendment Violations***

No motions to suppress were filed. At the change of plea hearing Adviento stated that he understood that he waived the right to challenge the manner in which the government obtained its evidence against him, for example, the manner in which he was searched. These claims are denied.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to any of his claims. All claims are denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 66);

2. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3. The Defendant's motion for leave to proceed in pauperis (Filing No. 67) is denied as moot;

4. A separate Judgment will be issued denying the § 2255 motion; and

5.	The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last-known address.

DATED this 16th day of June, 2009.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge