# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DANA ADVIENTO,<br><br>　　　　　　　Defendant. | 8:07CR397<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's letter to the Clerk, docketed as a Motion to Reduce Sentence Pursuant to Crack Cocaine Amendment 706, ECF No. 115, in which he seeks appointment of counsel to pursue a reduction of his sentence under the First Step Act of 2018, and Fair Sentencing Act of 2010.

Defendant Dana Adviento pled guilty to Counts I and VI of the Indictment charging him with conspiracy to distribute and possess with intent to distribute a substance containing cocaine base (Count I) and criminal forfeiture (Count VI). The plea agreement was negotiated under Federal Rule of Criminal Procedure 11(c)(1)(C) and included the following terms: the dismissal of Counts II, III, IV, and V; an agreement regarding drug quantity resulting in placement in base offense level 24; Adviento's career offender status; an agreed upon sentence of 188 months imprisonment; Adviento's agreement "not to file any motion for downward departure or seek a variance from the agreed 188 month sentence"; a waiver of his right to appeal his conviction or any "legal" sentence; and the standard waiver of his right to file a motion for relief under 28 U.S.C. § 2255. (Filing No. 46.)

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act of 2018, Pub. L. 115-___, (2018), permits but does not *require* sentencing judges to reduce sentences imposed prior to the Fair Sentencing Act. The First Step Act specifically *prohibits* a sentencing judge from reducing a sentence that was previously imposed in *accordance* with the Fair Sentencing Act.

If the Fair Sentencing Act were applied retroactively to the Defendant's Guideline calculation, his Base Offense Level would have been 16, rather than 24, based on his conspiracy to distribute or possess with intent to distribute 6.2 grams of cocaine base. See United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(a)(5)(c)(12). However, because of his career offender status and the Chapter Four Enhancement, his Total Offense Level would have remained at 31, and his range of imprisonment under the Guidelines would have remained at 188 to 235 months. See U.S.S.G. § 4B1.1(b)(2) and 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Accordingly, there is no basis in law or equity for the Defendant Adviento to receive a reduction in his sentence pursuant to the First Step Act of 2018, and/or the Fair Sentencing Act of 2010, and his request for appointment of counsel will be denied.

IT IS ORDERED:

1. The Defendant's Motion, ECF No. 115, in which he seeks appointment of counsel to pursue a reduction of his sentence under the First Step Act of 2018, and Fair Sentencing Act of 2010, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 16th day of January, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge